## J. CRUTCHFIELD *v.* THE STATE.

1. PRACTICE IN THIS COURT. — Refusal of a continuance will not be revised unless a proper bill of exceptions thereto appears in the record.

2. WITNESS. — On his trial for theft, the defendant proposed to introduce as a witness a person who in a separate indictment was charged as a receiver of the stolen property. *Held*, that the proposed witness was properly excluded, in view of the provision of the Code which disqualifies principals, accessories, and accomplices from testifying in behalf of each other.

3. CHARGE OF THE COURT. — In the introductory portion of the charge to the jury, the court below miscalled the name of a person not on trial, but jointly indicted with the appellant.    The attention of the court was not directed to the mistake at the time, but a general exception to the whole charge was taken.    *Held*, not a material error, nor a matter within the purview of the general exception to the charge of the court.

4. SAME. — In a trial for theft wherein the State adduced circumstantial evidence only, the court below, in connection with the presumption of innocence and the reasonable doubt, instructed the jury that, to warrant a conviction, the circumstances, taken together, must be of such a character "as to be incapable of explanation upon any other rational hypothesis but that of the defendant's guilt."    No additional instruction on the subject was asked.    *Held*, a sufficient charge on the subject.

APPEAL from the District Court of Denton.    Tried below before the Hon. J. A. CARROLL.

The case is sufficiently indicated in the opinion of the court.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J.   The appellant and two others were jointly indicted for the theft of twenty hogs, of the alleged value of $10 each, the property of John F. Boswell, and on a separate trial was by the jury convicted of theft of hogs of the value of $20 or over, and his punishment assessed at confinement in the State penitentiary for a period of four years.   Judgment was entered in accordance with the finding of the jury; a motion for a new trial was made and overruled, and from the judgment this appeal is prosecuted on the following assignment of errors : 1. The court erred in overruling the defendant's motion for a continuance. 2. In refusing to permit the witness John Flippin to testify in behalf of the defendant, as shown in defendant's bill of exceptions No. 1.  3. In its charge to the jury as shown in bill of exceptions No. 2.  4. In all its charges and instructions to the jury.   5. In overruling defendant's original and amended motion for a new trial.

1. As to the first supposed error assigned, it is only necessary to say that it is the established rule not to revise the rulings made below on a question of continuance, unless a proper bill of exceptions to the ruling was taken at the trial and is embodied in the transcript.  *Nelson* v. *The State*, 1 Texas Ct. App. 41, and authorities there cited. This matter is not so presented here.

2. It is shown by the bill of exceptions referred to in the second assignment of error " that on the trial, the State having rested its case solely upon circumstantial evidence, and among other things this, that the hogs charged to have been stolen were found by one of the State's witnesses, Marsh Hill, at the house of one John Flippin, and in a pen under the control of said Flippin, and the State having closed its testimony, the defendant offered to prove by said John Flippin that the defendant never had any control of said hogs, and that two other parties, namely, William

Bean and Charley Stephens, had alone brought the hogs to said Flippin's house and sold them to said Flippin," the county attorney objected to the introduction of this proffered witness on the ground that he stood indicted for receiving said stolen property, the indictment being produced in court. The objection of the county attorney was sustained, and the defendant excepted.

We are of opinion that by a proper application of art. 731, Code of Criminal Procedure, the court did not err in excluding the proffered testimony. The article is as follows: "Persons charged as principals, accomplices, or accessories, whether in the same indictment or different indictments, cannot be introduced as witnesses for one another; but they may claim a severance, and if any one or more be acquitted, or the prosecution against them be dismissed, they may testify in behalf of the others." The only material difference between the article of the present Code, as copied above, from the article as it formerly stood is the addition of the words *or the prosecution against them be dismissed*, after the word *acquitted;* which has no bearing upon the question under consideration. *Miller* v. *The State*, 4 Texas Ct. App. 251.

3. The matter complained of in the third assignment of error, as disclosed by bill of exceptions No. 2, may be briefly stated as follows: The court, in the introductory portion of the charge to the jury, used this language: "In this case the defendants, John Crutchfield, Bill Bean, and Charley Stewart, are indicted," etc., giving as one of the defendants jointly indicted with this defendant "Charley Stewart," when the name in the indictment is *Charley Stephens*. In giving the bill of exceptions, the judge appends thereto the following qualification: "When the general charge of the court was read to the jury, the counsel excepted generally to the charge of the court in the case, but the special matter mentioned in this bill was not called to the attention of the court until upon the motion for a

new trial, when said objection was overruled because the same was a clerical error." We see no error in this clerical error of which the appellant can complain. It amounts to nothing more than a mistake in the name of a person not on trial, and which would doubtless have been corrected if the attention of the court had been called to it at the proper time, — that is, when the charge was being delivered to the jury. The general exception to the charge does not cover a particular error of this character, which did not involve any question to be passed upon by the jury.

4. The fourth error appears to be a general one, apparently going to the whole charge of the court; the language employed in the assignment is, " In all its charges and instructions to the jury." There is no particular portion of the charge, other than is noticed above, pointed out by bill of exceptions. No additional instructions were asked by the defendant's counsel, so far as the record discloses. Without any guide to any supposed defect in the charge, we fail to see any such error committed by the court in its instructions to the jury as was likely to mislead them in a proper application of the law to the testimony in determining the question submitted for their consideration.

5. We do not deem it important to notice specially but one of the grounds set out in the motion for a new trial. The fifth ground of the motion is as follows : " This being a case of circumstantial evidence, the court ought to have charged the jury that each fact or circumstance relied on by the State for a conviction ought to be proved with as much certainty as though a conviction depended on it alone."

On this branch of the case the court, in a separate paragraph, instructed the jury as follows : " In this, as in other criminal actions, the defendant is presumed innocent until his guilt is established by testimony to the satisfaction of the jury beyond a reasonable doubt ; and when a conviction is sought alone upon circumstantial testimony, the circumstances, taken together, must be such as to be incapable of

explanation upon any other rational hypothesis but that of the defendant's guilt; and if, after a careful consideration of all the testimony in the case, there is in your minds any such reasonable doubt of the defendant's guilt, you will acquit."

We are of opinion the charge as quoted above was a sufficient instruction as to the conclusiveness of circumstantial evidence necessary to warrant a conviction, as well as on the presumption of innocence and reasonable doubt, when considered in the light of the testimony adduced on the trial. For the rule as to the conclusiveness of circumstantial evidence, see *Rodriguez* v. *The State*, 5 Texas Ct. App. 256, and authorities there cited. When the court has charged the jury as to the law of the case on trial before it, and counsel shall deem the charge defective in reference to any particular, it is their privilege and duty to request a further charge on that particular subject; and, finding none such, we conclude that the charge as given was satisfactory at the time.

We can but regret that there has been no appearance here of counsel for the appellant. Still we have carefully considered the case as presented by the record, and find no such error as would warrant a reversal of the judgment, and it is affirmed.

*Affirmed.*